# United States District Court
# Eastern District of New York

------------------------------------------------------------X

JANE DOE

                Plaintiff,

        -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT, PRECINCT 107; POLICE
OFFICERS JOHN DOES 1-4, individually and in their
official capacity; (the names John Doe being fictitious, as
the true names and numbers are presently unknown),

                Defendants.

------------------------------------------------------------X

Index No.


**COMPLAINT**
JURY TRIAL
DEMANDED

PLAINTIFF JANE DOE, by her attorneys, METCALF & METCALF, P.C., for its

complaint ("Complaint") against Defendants THE CITY OF NEW YORK (hereafter

referred to as "City of New York"); NEW YORK CITY POLICE DEPARTMENT (hereafter

referred to as "NYPD, PRECINCT 107"); POLICE OFFICERS JOHN DOES 1-4 (hereafter

referred to as "Defendant Officers John Does 1-4), individually and in their official capacity;

(the names John Doe being fictitious, as the true names and numbers are presently unknown),

allege the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, for

violation of her civil rights as secured by the United States Constitution, the New York State

Constitution, and the statutory and common laws of the United States and the State of New

York.

2.      This action arises from serious physical and psychological injuries suffered by

Plaintiff at the hands of police officers, while Plaintiff was a detainee in the custody of the

New York City Police Department on December 15, 2017, including a particularly prolonged, sadistic, physical and sexual assault committed by several officers, including, on information and belief, a captain, on or about December 16, 2017 or December 17, 2017. In addition to the prolonged sadistic assault, Plaintiff was subjected to additional sexual assaults, unjustified excessive force and restraint.

3.       Plaintiff's claims arise from a series of incidents that arose on or about December 2017. Plaintiff seeks compensatory and punitive damages for deprivation of her Constitutional rights and an award of costs, and such other further relief as the Court deems just and proper.

4.       That at all times hereinafter mentioned, the defendant City of New York was a Municipal corporation duly existing under and by virtue of the laws of the State of New York and doing business in the State of New York. That at all times hereinafter mentioned, the defendant Officers John Doe's 1-4 were employees of the New York City Police Department, acting in their capacity as a police officers under code of law.

5.       New York State has recognized the coercive power that corrections officers wield over incarcerated women, and the related risk of rape and sexual abuse, and has criminalized all activity between incarcerated individuals and correctional staff in New York Penal Law Section 130. 05 (3) (f), New York Penal Law Section 130.25(1), and New York Penal Law Section 130.40(1).

6.       Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

2

7.      Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

8.      Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages.

9.      That by reason of the foregoing, this plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## THE PARTIES

10.     At all times hereinafter mentioned, Plaintiff JANE DOE is a resident of the County of Queens and the State of New York.

11.     Upon information and belief, at all times hereinafter mentioned, defendant THE CITY OF NEW YORK (hereinafter referred to as the "City of New York") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.     Defendant City maintains the New York City Department of Correction ("DOC"), a duly authorized public authority and/or correctional department, authorized to perform all functions of a correctional department as per the applicable sections of the New

York State Correction Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

13.     At all times hereinafter mentioned, the individually named defendants JOHN DOES 1 - 4 were duly sworn police officers (hereafter referred to as "Officers") of the NYPD acting under the supervision of the NYPD and according to their official duties and employees of the City and the NYPD. They were also employees of the City and the NYPD. As used herein, "police officer" includes employees of the NYPD whose responsibilities include guarding inmates, and supervising the guarding of inmates, regardless of rank.

14.     At all times hereinafter mentioned, Defendants JOHN DOES 1-4, (hereinafter, collectively, the "Individual Defendants") were acting within the scope of their authority and under color of state law and/or in compliance with the official rules, statutes, ordinances, regulations, laws, policies, customs, usages and/or practices of the City of New York and/or of the NYPD.

15.     In addition to the facts alleged in the foregoing paragraphs and following paragraphs, the Individual Defendants are all sued in their individual capacity and official capacity.

## NOTICE OF CLAIM

16.     On or about the 19th of March, 2018, a Personal Injury Claim Form was electronically submitted and the Receipt Number: 201800042333 was obtained.

17.     On February 28, 2019 Plaintiff testified under at a hearing pursuant to Section 50-h of the General Municipal Laws with regard to Claim No.: 2018PI0008260.

18.     The hearing was memorialized in a 56 (fifty-six) page transcript.

## STATEMENT OF FACTS

19.      On December 15, 2017 Plaintiff had an argument with her fiancé, and after the argument Plaintiff received a call from a blocked number, which was an officer from the police department.

20.      Upon speaking with the individual who indicated he had some questions for Plaintiff, Plaintiff provided her address to the individual who identified himself as an officer over the phone.

21.      After that call Plaintiff heard her door being broken into, and three (3) to four (4) individuals in civilian clothing entered, along with several officers in uniforms.

22.      Upon the arrival of the officers Plaintiff was handcuffed and taken to the precinct, during that time Plaintiff indicated that she wanted to speak to her attorney.

23.      Upon arriving at the precinct Plaintiff was put in a cold cell with the clothing she had on at the time of the arrest.

24.      Plaintiff spent a total of three (3) days in a cell, and was told that the charges against her were in connection with Domestic Violence. During her time in the cell, Plaintiff requested a jacket and a hat, and was ultimately refused any article of clothing that might keep her warm.

25.      Plaintiff also requested water and that request was ultimately denied by the officer stating that "you can drink it out of the toilet" as well by the same officer who previously denied Plaintiff a jacket or hat. Plaintiff recalls this officer to look "Caucasian, middle height, light hair, green eyes".

26.      Plaintiff also requested her medication for seizures to be administered while being held in the cell, and on multiple occasions the officers refused. The denial of Plaintiff's seizure medication caused Plaintiff to visit the hospital on various occasions while waiting to

be arraigned. While at the hospital it was requested of the Officers to loosen or remove Plaintiff's hand cuffs in order to draw an IV, and they refused repeatedly.

27.     During the time Plaintiff was detained Plaintiff recalls that the precinct was holding a Christmas party, and that several officers smelled like alcohol.

28.     On Saturday, December 16, 2017, one day before being arraigned Plaintiff was sexually assaulted by several officers at the precinct, in the cell, while detained. The sexual assault occurred Plaintiff was handcuffed and restraint.

29.     Plaintiff specifically remembers that the surveillance camera was covered with a jacket while the sexual assault occurred.

30.     Plaintiff was finally arraigned and brought before a Judge on Sunday night.

31.     During the arraignment, and prior to her arraignment Plaintiff repeatedly asked to speak or have access to her attorney.

32.     Plaintiff was finally appointed an attorney, however, it was not the attorney she had been desperately trying to contact since she was handcuffed.

33.     Upon the appointment of counsel, and upon counsel's advice Plaintiff was indicated not to speak, and that being as it was her first arrest she would most likely be released on her own recognizance.

34.     Bail was set at $750.00 and Plaintiff was remanded until the next court date, which was the following Friday. Plaintiff was awarded her phone call at this time, and transported to Rikers Island.

35.     On the following Friday, the day of the scheduled court date, Plaintiff was told by appointed counsel that no complaint was ever signed by Dr. Rosenblatt, and that it was a misunderstanding, and that now she was free to go. Counsel further told Plaintiff that it would be removed from her record and no arrest would be recorded.

36.     Following Plaintiff's release Plaintiff proceeded to attempt to recover her personal belongings. Plaintiff was able to recover all of her belongings with the exception of her clothes and medication.

## JURISDICTION AND VENUE

37.     This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Fifth and Fourteenth Amendments to the Constitution of the United States. The court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

38.     Plaintiff seeks money damages for physical and psychological injuries suffered while in custody of the New York Police Department.

39.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the State law claims and causes of action, as they derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federal claims and causes of action.

40.     The Eastern District of New York is an appropriate venue under 28 U.S.C.§ 1391(b)(2) because it is where the events giving rise to this claim occurred.

## CAUSES OF ACTION
## DAMAGES COMMON TO ALL CAUSES OF ACTION

41.     As a direct and proximate result of the Defendants' conduct, details of which are recounted above and the legal claims upon which are detailed below, Plaintiff suffered and suffers from the following injuries and damages:

a.     Violation of her rights as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution, the New York State Constitution and New York State law; and

b.     Physical injuries to her body, as well as injuries to mental health.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Cruel and Unusual Punishment)
### (As Against All Defendants)

42.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1-41 of this Complaint as if each paragraph is fully set forth at length herein.

43.    Defendant Officers JOHN DOE's 1-4 sexually used and abused Plaintiff for their own gratification.

44.    Defendants Officers JOHN DOE's 1-4 raped Plaintiff.

45.    Defendant Officers JOHN DOE's 1-4 had the intent to use their power and control as Police Officers to humiliate, control, and rape plaintiff.

46.    Plaintiff was demeaned, used for sexual gratification and feared retaliation if she did not comply with the aforementioned sexual demands.

47.    Defendants City of New York, NYPD knew or should have known of the abuse of Plaintiff, yet disregarded same and allowed Plaintiff to be sexually exploited by their servants, agents and/or employees.

48.    Defendant's conduct shocks the conscious and causes irreparable emotional harm to Plaintiff.

49.    Accordingly, Defendants City of New York, NYPD, Officers JOHN DOE's 1-4 are liable to Plaintiff under New York State Law for cruel and unusual punishment under the Eighth Amendment.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Civil Rights Afforded Under 42 U.S.C. § 1983 and 42 U.S.C. § 1985)
### (As Against All Defendants)

50.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1-49 of this Complaint as if each paragraph is fully set forth at length herein.

51.     Defendants JOHN DOES 1 – 4, collectively and individually, assaulted, sexually assaulted, battered, unlawfully confined, unlawfully restrained, depriving Plaintiff of her rights, remedies, privileges and immunities guaranteed by the United States, in violation of rights enforceable under 42 U.S.C. § 1983, including, without limitation, rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

52.     Defendants JOHN DOES 1 – 4 acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment with the City of New York and NYPD. Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983 and by the Fifth and Fourteenth Amendments to the United States Constitution.

53.     Defendants JOHN DOES 1-4 are liable for their use of excessive and unlawful force where there was no reason or provocation to exercise force on Plaintiff, Defendants actions were wanton, sadistic and malicious and the deprivation suffered by Plaintiff was serious and harmful, in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

54.     Defendants JOHN DOES 1-4 are liable for their excessive and unlawful restraint where there was no reason or provocation to exercise such restraint on Plaintiff. Defendants' actions were wanton, sadistic and malicious and the deprivation suffered by Plaintiff was serious and harmful, in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

55.     Defendants JOHN DOES 1-4 are liable for their deliberate indifference to Plaintiff's welfare and safety in violation of the Fifth and Fourteenth Amendments

56. Defendants JOHN DOES 1 – 4 are liable for their deliberate indifference to Plaintiff's welfare and safety in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that each had knowledge that Plaintiff faced a substantial risk of serious harm and disregarded that risk in failing to take reasonable steps to abate the harm.

57. Defendants JOHN DOES 1 –4 are liable for denying Plaintiff her right to be housed in a cell with adequate sanitary conditions, water and a sustainable temperature in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that each had knowledge that Plaintiff faced a substantial risk of serious harm and disregarded that risk in failing to take reasonable steps to abate the harm.

58. Defendants JOHN DOES 1 – 4 acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment with the City of New York and NYPD, PRECINCT 107. Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983 and by the Fifth and Fourteenth Amendments to the United States Constitution.

59. As a direct and proximate result of the conduct detailed herein, Plaintiff suffered the damages described herein.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Assault and Battery)
### (As Against All Defendants)

60. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1-59 of this Complaint as if each paragraph is fully set forth at length herein.

61. Defendant Officers JOHN DOES 1-4 in concert and individually, acting under color of law, committed assault and battery against Plaintiff.

62.     Defendants aided and abetted the assault and battery on Plaintiff.

63.     Defendants conspired in the assault and battery on Plaintiff.

64.     Defendants' conduct was without justification or cause and against Plaintiff's will.

65.     Defendant City of New York is liable to Plaintiff for Defendants' conduct under the doctrine of *respondent superior*.

66.     As a direct and proximate result of the conduct detailed herein, Plaintiff suffered the damages described herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (As Against All Defendants)

67.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1-66 of this Complaint as if each paragraph is fully set forth at length herein.

68.     The conduct of Defendant Officers John Doe's 1-4, employee of Defendant City of New York, was extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

69.     Defendant Officers John Doe's 1-4 extreme and outrageous conduct was intended to cause and did cause severe emotional distress to Plaintiff.

70.     As a direct and proximate result of the conduct detailed herein, Plaintiff suffered the damages described herein.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Prima Facie Tort)
### (As Against All Defendants)

71.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1-70 of this Complaint as if each paragraph is fully set forth at length herein.

72.     JOHN DOE'S 1-4 conduct was intended to inflict emotional harm.

11

73.     JOHN DOE'S 1-4 conduct was without excuse or justification.

74.     JOHN DOE'S 1-4 conduct resulted in special damages.

75.     The City is liable to Plaintiff for Defendant's conduct under the doctrine of *respondeat superior*.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Reckless Disregard for Safety, Failure to Protect)
### (As Against All Defendants)

76.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1-75 of this Complaint as if each paragraph is fully set forth at length herein.

77.     The Defendants City of New York, NYPD and Officers John Does 1-4 exercised deliberate indifference and cruelty, extreme recklessness, and intent to a known and probable risk to Plaintiff by failing to take remedial action, and allowing a dangerous environment to become so pervasive by allowing sexual assault, sexual abuse, and sexual harassment by staff.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene)
### (As Against All Defendants)

78.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1-77 of this Complaint as if each paragraph is fully set forth at length herein.

79.     Defendants City of New York, NYPD and Officers John Does 1-4 had a reasonable opportunity to prevent the violations of Plaintiff's Constitutional rights, but failed to intervene.

80.     Defendants City of New York, NYPD and Officers John Does 1-4 had actual failed to protect her, causing her to be further victimized.

81.     Accordingly, Defendants City of New York, NYPD and Officers John Does 1-4 are liable to Plaintiff for failing to intervene to prevent the violation of Plaintiff's constitutional rights.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Negligence)
### (As Against All Defendants)

82.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1-81 of this Complaint as if each paragraph is fully set forth at length herein.

83.     Defendants, John Does 1- 4 and City of New York, their agents, servants, and/or employees owed Plaintiff a duty to provide her with proper, adequate, or sufficient security at the aforesaid premises.

84.     Defendants John Does 1- 4 and City of New York, their agents, servants, and/or employees breached this duty by failing to provide Plaintiff with proper, adequate, or sufficient security at the aforesaid premises.

85.     As a result of said negligence, Plaintiff became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person, and suffered great physical pain, distress, mental shock, mental anguish and psychological trauma, and was otherwise injured.

86.     Defendants' failure to provide Plaintiff with proper, adequate, or sufficient security at the aforesaid premises was the proximate cause of the injuries sustained by Plaintiff.

87.     As a result of Defendants' actions, Plaintiff has suffered damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

88.     By reason of the foregoing, Plaintiff is entitled to damages in the sum of $500,000.00 (Five Hundred Thousand Dollars).

### AS AND FOR AN NINETH CAUSE OF ACTION
(Negligent Hiring, Supervision, or Retention)
(As Against Non-Individual Defendants)

89.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1-88 of this Complaint as if each paragraph is fully set forth at length herein.

90.     John Does 1- 4 and City of New York and NYPD, PRECINCT 107 were in employer-employee relationship.

91.     City of New York and NYPD, PRECINCT 107 knew of John Does 1- 4 propensity to commit tortious acts or should have known of such propensity had NEW YORK CITY and NYPD, PRECINCT 107 conducted an adequate hiring procedure.

92.     Defendants, City of New York and NYPD, PRECINCT 107 hired, supervised and/or retained John Does 1-4 despite their propensity to commit tortious acts.

93.     Defendants, City of New York and NYPD, PRECINCT 107owed a duty of care to Plaintiff to prevent conduct alleged because under the same or similar circumstances, a careful and prudent person or entity should have anticipated that injury to Plaintiff or to those in a like situation would probably result from the foregoing conduct.

94.     In particular, City of New York and NYPD, PRECINCT 107 breached a duty to provide adequate supervision of its employees and agents with respect to protecting female inmates or those in custody from sexual abuse at its precincts where avoiding that risk defines the duty owed by City of New York towards its female inmates.

95.     It was reasonably foreseeable to City of New York and NYPD, PRECINCT 107 that male officers would be negligent and engage in the sexual abuse of female inmates.

96.     Upon information and belief, John Does 1- 4 were unfit and incompetent for their positions.

97.     Upon information and belief, City of New York and NYPD, PRECINCT 107 knew or should have known through the exercise of reasonable diligence that John Does 1- 4 were prone to violence, sexual abuse and/or to failing to safeguard an inmates or those in its custody's welfare.

98.     Consequently, Plaintiff suffered damages proximately caused by John Does 1-4 and City of New York and NYPD, PRECINCT 107's negligent hiring, supervision, or retention of John Does1-4 and a substantial act of physical violence was committed on City of New York's premises.

99.     Plaintiff sustained numerous injuries as a result of John Does 1- 4 actions, including, but not limited to: bodily tenderness, soreness, and bruising; chronic knee pain; and hyperextension of joints.

100.     Additionally, Plaintiff has had to undergo substantial therapy and psychological treatment.

101.     As a result of City of New York and NYPD, PRECINCT 107's negligent hiring, supervision, or retention of John Does 1-4, Plaintiff has suffered damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

102.     By reason of the foregoing, Plaintiff is entitled to damages in the sum of $500,000.00 (Five Hundred Thousand Dollars).

## AS AND FOR AN TENTH CAUSE OF ACTION
### (Civil Rights Violation Afforded Under 42 U.S.C. § 1983)
### (As Against all Defendants)

103.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1-102 of this Complaint as if each paragraph is fully set forth at length herein.

104.     Defendants John Does 1 – 4 are liable for his deliberate indifference to Plaintiff's welfare and safety in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that he had knowledge that Plaintiff faced a substantial risk of serious harm and disregarded that risk in failing to take reasonable steps to abate the harm.

105.     Defendants John Does 1 – 4 are liable for denying Plaintiff her right to be housed in a cell that was not unreasonably overheated and in which there was water in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that he had knowledge that Plaintiff faced a substantial risk of serious harm and disregarded that risk in failing to take reasonable steps to abate the harm.

106.     Defendant John Does 1 – 4 acted under pretense and color of state law and in his individual and official capacity and within the scope of his employment with the City and DOC. Defendant acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and Fifth Amendments to the United States Constitution.

107.     As a direct and proximate result of the conduct detailed herein, Plaintiff suffered the damages described herein.

## PRAYER FOR RELIEF

108.    WHEREFORE, Plaintiff hereby prays for relief and judgment in her favor

on each of her claims against defendants, as follows:

    a.    That the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in the sum of $1,000,000 against the Individual Defendants and the City of New York, jointly and severally, together with interest and costs and punitive damages;

    b.    That the Plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

    c.    That the Plaintiff has such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and counts in the Complaint herein.

Dated: March 18, 2019
    New York, New York

        Respectfully Submitted,

        STEVEN A. METCALF II ESQ.
        *Attorney for Plaintiff*
        Metcalf & Metcalf, P.C.
        11 Broadway, Suite 615
        New York, NY 10004
        (Phone) 646.253.0514
        (Fax) 646.219.2012